# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:09cv357

| | | |
|---|---|---|
| TAMMY FLINT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| PROGRESSIVE DIRECT INSURANCE | ) | |
| COMPANY, d/b/a PROGRESSIVE | ) | |
| PREMIER INSURANCE COMPANY | ) | |
| OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Certification and Report of Conference and Discovery Plan. While the court greatly appreciates the submission by respective counsel, close review of the removal petition in this matter gives the court substantial concern as to whether diversity jurisdiction has been properly vested in this court.

This action concerns defendant's alleged failure to pay insurance proceeds to plaintiff for the loss of a 2006 Dodge Dakota, which the court takes notice is, at most worth around $15,000.00 if such vehicle is the highest end "quad cab" vehicle with low mileage.[1] While plaintiff has made a claim for punitive damages, even if plaintiff were to receive treble *in addition to* actual damages, such amount would still fall well below the jurisdictional minimum, which is an amount in excess of $75,000.00.

---

[1] http://www.kbb.com/KBB/UsedCars/PricingReport.aspx?YearId=2006&VehicleClass=UsedCar&ManufacturerId=13&Condition=Excellent&ModelId=85&PriceType=Retail&VehicleId=460&Mileage=30000&SelectionHistory=460%7C31654%7C28801%7C0%7C0%7C

On the other hand, plaintiff has sought punitive damage, but failed to allege facts that would entitle her to punitive damages. As all counsel are aware, a simple breach of contract cannot form the basis of a demand for punitive damages, <u>Newton v. Standard Fire Insurance Co.</u>, 291 N.C. 105, 111 (1976), and there are very specific pleading requirements for alleging a bad faith denial of insurance proceeds under North Carolina law that would form the basis of a demand for punitive damages. As the Chief Judge of this district held:

> To prevail on a claim of bad faith in the insurance context, a complainant must establish that there was: 1) a refusal to pay after recognition of a valid claim; 2) "bad faith"; and 3) "aggravating or outrageous conduct." *Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd.*, 11 Fed.Appx. 225, 237, 2001 WL 565317 (4th Cir. May 25, 2001) (unpublished) (citing Lovell v. Nationwide Mut. Ins. Co., 108 N.C.App. 416, 424 S.E.2d 181, 184 (N.C.App.1993)). " 'Bad faith' means not based on a legitimate, 'honest disagreement' as to the validity of the claim. 'Aggravated conduct' is defined to include fraud, malice, gross negligence, insult ... willfully, or under circumstances of rudeness or oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights." Id. (*citing Dailey v. Integon Gen. Ins. Corp.*, 331 S.E.2d at 148); *see also Newton v. Standard Fire. Ins. Co.*, 291 N.C. 105, 229 S.E.2d 297 (1976).

<u>Blis Day Spa, LLC v. Hartford Ins. Group</u>, 427 F.Supp.2d 621, 631 (W.D.N.C. 2006). Finally, as a matter of state law, "punitive damages" is not a cause of action, but is instead a remedy available in very limited circumstances.

> As a general rule, "[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it. If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all." J. Stein, Damages and Recovery § 195 at 389 (1972). North Carolina follows this general rule of law.

<u>Hawkins v. Hawkins</u>, 101 N.C.App. 529, 532 (1991).

In determining diversity jurisdiction, this court is compelled to consider the reasonable value of the claim, not the lowest and certainly not the highest possible amount a jury could conceivably return. In this case, it simply is not reasonable to anticipate an award in excess of $75,000.00 based on the loss of a three-year-old domestic truck, even where a bad faith claim might have been raised.

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Defendant should be cognizant that even if it were to receive a favorable verdict, plaintiff could attack that verdict by claiming for the first time on appeal that the court lacked jurisdiction.

In a more practical sense, the question respective counsel must ask is whether this is the type of case that federal courts were intended to dispose of through diversity jurisdiction. To that end, the parties will be afforded an opportunity to be heard on whether this action should be remanded. Defendant should be prepared to

present other federal cases of removal involving similar amounts in controversy.

Respective counsel are strongly encouraged to discuss this matter well in advance of the hearing to determine whether an agreement can be reached as to an appropriate forum and as to disposition of any issues that would necessarily arise upon court-ordered remand. If a consensus is reached, counsel may communicate such to chambers or by way of a joint motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that a hearing on the court's own Motion to Dismiss or Remand is calendared for November 5, 2009, at 2p.m. in Asheville.

```
Signed: October 23, 2009
```

Dennis L. Howell
United States Magistrate Judge